IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOANNA SOLIS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>　　*Plaintiff*,<br><br>v.<br><br>ORTHONET LLC,<br><br>　　*Defendant*. | Civil Action No.: |

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Joanna Solis ("Plaintiff") files this Class and Collective Action Complaint ("Complaint") against OrthoNet LLC ("Defendant"), and in support states the following:

**Nature of This Lawsuit**

1. Defendant is a managed care company that performs benefit management services for insurance companies.

2. The services offered by Defendant are limited to providing "precertification, utilization management and claims administration services."[1]

3. Defendant employed Plaintiff to perform utilization reviews for Defendant's health plan customers.

4. Defendant employed Plaintiff and other individuals to perform these utilization review functions under various job titles, including but not limited to

---

[1] https://www.orthonet-online.com/member.html (last visited May 14, 2019).

"OrthoCare Manager" and "Care Manager" (collectively, "Utilization Management Employees").

5. Defendant paid Utilization Management Employees a salary.

6. Defendant's Utilization Management Employees regularly worked over 40 hours per week.

7. Defendant classified Utilization Management Employees as exempt from state and federal overtime laws and did not pay them overtime for all hours worked over 40 hours in an individual workweek.

8. Defendant's Utilization Management Employees' primary duties consisted of applying predetermined criteria and established guidelines to authorization requests submitted by healthcare providers for coverage and payment purposes ("Utilization Management Work").

9. The Utilization Management Work performed by Defendant's Utilization Management Employees was non-exempt work.

10. Plaintiff brings this action on behalf of herself and other similarly situated Utilization Management Employees, who, due to Defendant's misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

11. Plaintiff also brings class action claims under New York state law under New York Minimum Wage Act, Labor Law § 650 *et seq*., the New York Wage Payment Act,

Labor Law § 190 *et seq.*, and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (together, the "NYLL").

12. Plaintiff brings her state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay her and other Utilization Management Employees for all earned overtime pay.

**The Parties**

13. Plaintiff worked for Defendant as a Utilization Management Employee in this Judicial District from June 2010 to June 2018.

14. Defendant is a New York limited liability company.

15. Defendant's principal place of business is in White Plains, New York.

**Jurisdiction and Venue**

16. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law. *See* U.S.C. § 216(b).

17. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because they arise out of the same facts as her FLSA claims.

18. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

**Factual Allegations**

19. Plaintiff worked as a Utilization Management Employee for Defendant.

20. During her employment with Defendant, Plaintiff primarily performed Care Management Work.

21. During her employment, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

22. During her employment, Plaintiff's job duties did not include engaging in bedside nursing or providing medical advice to patients or other individuals with health issues.

23. During her employment, Plaintiff's job duties did not involve providing traditional nursing care in a clinical setting or providing direct medical care to patients or other individuals with health issues.

24. During her employment, Plaintiff's job duties did not involve making medical decisions in order to select the appropriate medical care for patients or other individuals to treat their medical issues or ailments.

25. During her employment, Plaintiff's job duties did not include administering patients' medicine or treatments, operating or monitoring medical equipment, helping perform diagnostic tests or analyzing the results from diagnostic tests, diagnosing human responses to actual or potential health problems, monitoring and reporting whether patients were receiving medical services, interviewing patients to consider or advise them regarding alternative treatments, providing medical opinions on treatment and medication, assessing whether requested treatments were related to the original compensable injury, or determining whether an issue should be referred for an independent medical evaluation.

26. Defendant required Plaintiff to work over 40 hours in one or more individual workweeks during the last three (3) years.

27. During her employment with Defendant, Plaintiff worked over 40 hours in one or more individual workweeks during the last three (3) years.

28. Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA and NYLL.

29. Defendant paid Plaintiff a salary.

30. When Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff overtime at one-and-one-half times her regular rate of pay for all overtime hours worked.

31. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

32. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

33. Defendant has made more than $500,000 in sales made or business done in each of the last three calendar years.

34. During her employment, Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

35. During her employment, Plaintiff was an "employee" of Defendant as defined by the NYLL § 196.1(b).

36. During her employment, Defendant was Plaintiff's "employer" as defined under the FLSA in § 203(d).

37. During her employment, Defendant was Plaintiff's "employer" as defined by the NYLL in § 2(6).

**Collective Action Allegations**

38. Plaintiff bring her FLSA claims as a collective action.

39. Plaintiff's consent form to participate in this collective action is attached to this Complaint as Exhibit A.

40. The collective action is defined as follows:

All individuals employed by Defendant as Utilization Management Employees in the last three years who were paid a salary, who worked more than 40 hours in one or more individual workweeks, who were classified as exempt, and who file consent forms to participate in this lawsuit ("Collective Action Members").

41. Plaintiff is similarly situated to the potential Collective Action Members because they were paid in the same manner and performed the same primary job duties.

42. In the last three years, Defendant employed individuals who performed the same primary duties as Plaintiff.

43. Of Defendant's employees who performed the same primary job duties as Plaintiff in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

44. Of employees classified as exempt and who performed the same primary duties as Plaintiff in the last three years, some or all worked over 40 hours in individual workweeks.

45. Defendant maintained one or more common job descriptions for Utilization Management Employees.

46. Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

47. Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

48. Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

49. Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

**Class Action Allegations**

50. Plaintiff also seeks class certification under Fed. R. 23 of the following state law sub-class:

   a. All individuals employed by Defendant in New York as Utilization Management Employees in the last six years who were paid salary, who worked more than 40 hours in one or more individual workweeks, and who were classified as exempt (the "New York Class").

51. The New York Class has more than 40 members.

52. As a result, the New York Class is so numerous that joinder of all members is not practical.

53. There are questions of law or fact common to the New York Class, including (1) whether the New York Class primarily performed non-exempt work; (2) whether Defendant violated the NYLL by refusing to pay the New York Class overtime pay; and (3) the proper measure of damages if Defendant misclassified the New York Class as exempt from the overtime provisions of the NYLL.

54. Plaintiff's overtime claims are typical of those of the New York Class because they arise out of Defendant's uniform compensation practices.

55. Defendant's defenses to Plaintiff's NYLL claims are typical of its defenses to those of the New York Class because they are grounded in the same compensation practices.

56. Plaintiff can fairly and adequately protect the interests of the New York Class because she is asserting the same claims as the New York Class.

57. Plaintiff can fairly and adequately protect the interests of the New York Class because she has no interests adverse to the New York Class.

58. Plaintiff can fairly and adequately protect the interests of the New York Class because she has retained counsel experienced in class action employment litigation.

59. The common questions of law and fact predominate over the variations which may exist between members of the New York Class, if any.

60. Plaintiff and the members of the New York Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

61. If individual actions were required to be brought by each member of the New York Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to the Defendant.

62. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the New York Class is entitled.

63. The books and records of Defendant are material to the New York Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

## COUNT I
## Violation of the Fair Labor Standards Act
## (Collective Action)

64. Plaintiff incorporates here the previous allegations of this Complaint.

65. This count arises from Defendant's violations of the FLSA by failing to pay overtime to Plaintiff and the Collective Action Members when they worked over 40 hours in individual workweeks.

66. Plaintiff was not exempt from the overtime provisions of the FLSA.

67. Other Collective Action Members were not exempt from the overtime provisions of the FLSA.

68. Plaintiff was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks in the last three (3) years.

69. Other Collective Action Members were directed to work, and did work, over 40 hours in one or more individual workweeks in the last three (3) years.

70. Defendant paid Plaintiff a salary and did not pay overtime compensation for all hours worked over 40 in an individual workweek.

71. Defendant paid other Collective Action Members a salary and did not pay overtime compensation for all hours worked over 40 in an individual workweek.

72. Defendant violated the FLSA by failing to pay overtime to Plaintiff at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

73. Defendant violated the FLSA by failing to pay overtime to other Collective Action Members at one and one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

74. Defendant's failure to pay Plaintiff and other similarly situated persons one-and-one-half times their regular rate for all time worked over 40 hours in a workweek was willful.

WHEREFORE, Plaintiff, on behalf of herself and the Collective Action Members, seeks a judgment against Defendant as follows:

A. All unpaid overtime wages due to Plaintiff and the Collective Action Members;

B. Pre-judgment and post-judgment interest;

C. Liquidated damages equal to the unpaid overtime compensation due;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E. Such other relief as the Court deems appropriate.

### COUNT II
**Violation of the New York Labor Law**
**(Class Action)**

75. Plaintiff incorporates here the previous allegations of this Complaint.

76. This count arises from Defendant's violations of the NYLL by failing to pay overtime to Plaintiff and the New York Class when they worked over 40 hours in individual workweeks.

77. Defendant classified Plaintiff as exempt from the overtime provisions of the NYLL.

78. Defendant classified the New York Class as exempt from the overtime provisions of the NYLL.

79. Plaintiff was not exempt from the overtime provisions of the NYLL.

80. The New York Class was not exempt from the overtime provisions of the NYLL.

81. Plaintiff was regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

82. Defendant violated the NYLL by failing to pay Plaintiff and the New York Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff, on behalf of herself and the New York Class, seeks a judgment against Defendant as follows:

    A. All unpaid overtime wages due to Plaintiff and the New York Class;

    B. Pre-judgment and post-judgment interest;

    C. Liquidated damages equal to the unpaid overtime compensation due;

    D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E.      Such other relief as the Court deems appropriate.

**Jury Demand**

Plaintiff demands a trial by jury.

                                                      Respectfully submitted,

Date: May 21, 2019                 */s/ Ravi Sattiraju*
     Princeton, New Jersey         Ravi Sattiraju, Esq.
                                           (S.D.N.Y. Bar No. RS3273)
                                           **THE SATTIRAJU LAW FIRM, P.C.**
                                           116 Village Blvd., Suite 200
                                           Princeton, NJ 08540
                                           Telephone: (609) 799-1266
                                           Facsimile: (609) 228-5649
                                           Email: rsattiraju@sattirajulawfirm.com

                                           DOUGLAS M. WERMAN
                                           MAUREEN A. SALAS*
                                           Werman Salas P.C.
                                           77 West Washington, Suite 1402
                                           Chicago, Illinois 60602
                                           (312) 419-1008
                                           dwerman@flsalaw.com
                                           msalas@flsalaw.com

                                           TRAVIS M. HEDGPETH*
                                           Texas Bar No. 24074386
                                           THE HEDGPETH LAW FIRM, PC
                                           3050 Post Oak Blvd., Suite 510
                                           Houston, Texas 77056
                                           Telephone: (281) 572-0727
                                           Facsimile: (281) 572-0728
                                           travis@hedgpethlaw.com

>JACK SIEGEL*
>Texas Bar No. 24070621
>Siegel Law Group PLLC
>2820 McKinnon, Suite 5009
>Dallas, Texas 75201
>P: (214) 790-4454
>www.4overtimelawyer.com
>
>*Application for admission pro hac vice forthcoming*
>
>**Attorneys for Plaintiff and Others Similarly Situated**