IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOANNA SOLIS, MAURA LYONS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    *Plaintiffs*,<br><br>v.<br><br>ORTHONET LLC,<br><br>    *Defendant*. | Civil Action No. 1:19-CV-4678 |

# FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Joanna Solis and Maura Lyons ("Plaintiff") file this First Amended Class and Collective Action Complaint ("Complaint") against OrthoNet LLC ("Defendant"), and in support state the following:

**Nature of This Lawsuit**

1. Defendant is a subsidiary of UnitedHealthcare Group Incorporated, which was the largest health insurer in America in terms of revenue ($210 billion) and membership ($49.5 million) in 2018.[1]

2. Defendant holds an accreditation from the Utilization Review Accreditation Commission ("URAC") in Health Utilization Management.[2]

3. Defendant's business consists of providing services to health plan customers.

---

[1] http://bit.ly/UHC-Big (last visited July 2, 2019).

[2] http://bit.ly/Orthonet-URAC (last visited July 1, 2019).

**Page - 1**

4. The services offered by Defendant are limited to "precertification, utilization management and claims administration services."[3]

5. Defendant employed Plaintiffs and other individuals to provide utilization management services under various job titles, including but not limited to "Case Manager," "Care Manager," "OrthoCare Manager," "Orthopedic Case Manager," and "Utilization Review Nurse"[4] (collectively, "Initial Review Employees").

6. Defendant paid Initial Review Employees a salary.

7. Defendant's Initial Review Employees regularly worked over 40 hours per week.

8. Defendant classified Initial Review Employees as exempt from state and federal overtime laws and did not pay them overtime wages for all hours worked over 40 hours in an individual workweek.

9. Initial Review Employees primarily performed "first level reviews" in Defendant's utilization management program.

10. The first level reviews[5] primarily performed by Initial Review Employees consist of determining whether to approve a service or benefit request by applying well-established

---

[3] http://bit.ly/BlueCrossContract (providing that health plan contracted "with [Defendant] for utilization management… for Empire Members" and to be "responsible for the prior authorization process…."); www.orthonet-online.com/member.html (last visited July 2, 2019).

[4] The practice of assigning arbitrary job titles to individuals performing substantially the same work is a pervasive practice in the managed care industry. See Deakin v. Magellan Health, Inc., 328 F.R.D. 427, 433 (D.N.M. 2018) (conditionally certifying a class of managed care workers employed under job titles that included the terms "Care Coordinator" or "Care Manager" and rejecting defendant's argument that certification was inappropriate because defendant employed non-supervisory employees in thirty-six job titles containing the terms "Care Coordinator" or "Care Manager").

[5] See http://bit.ly/URAC73 (providing glossary for URAC's accreditation standards, providing definition of "initial clinical review," which are also referred to as "first level reviews").

guidelines that provide the requisite criteria that must be present in medical records to approve a member's service or benefit request ("Initial Review Work").

11. The Initial Review Work performed by Defendant's Initial Review Employees was non-exempt work.[6]

12. Indeed, the organization that provides Defendant with its accreditation in Health Utilization Management Accreditation, the Utilization Review Accreditation Commission (URAC), provides that Licensed Practical Nurses (LPN) and Licensed Vocational Nurses (LVN) are qualified to perform Initial Review Work.

13. Plaintiff Lyons brings this action on behalf of herself and other similarly situated Initial Review Employees, who, due to Defendant's misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

14. Plaintiff Solis brings class action claims under Articles 6 and 19 of the New York Labor Law (the "NYLL"), NYLL §§ 190, *et seq.*, 650 *et seq.*, and the supporting Minimum Wage Order for Miscellaneous Industries and Occupations, 12 N.Y.C.R.R. Part 142.

15. Plaintiff Solis brings the Second, Third, and Fourth Causes of Action under the NYLL on behalf of herself and all other similarly situated Initial Review Employees, pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4), for Defendant's failure to: (1) pay overtime wages; (2) provide accurate wage statements (i.e., paystubs), as required by NYLL § 195(3); and (3) provide accurate wage notices at the time of hiring ("hiring notices"), as required by NYLL § 195(1).

**The Parties**

---

[6]Clark v. Centene Co. of Texas, L.P., 656 F. App'x 688 (5th Cir. 2016) (case managers primarily performing utilization review work held to be non-exempt under professional and administrative exemptions); Rego v. Liberty Mut. Managed Care, LLC, 367 F. Supp. 3d 849, 862 (E.D. Wis. 2019) (same).

16. Plaintiff Solis worked for Defendant as an Initial Review Employee in this Judicial District from January 2015 to March 2016.

17. Plaintiff Lyons worked for Defendant as an Initial Review Employee in this Judicial District from January 2010 to February 2018.

18. Defendant is a New York limited liability company.

19. Defendant's principal place of business is in White Plains, New York.

**Jurisdiction and Venue**

20. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under federal law. *See* U.S.C. § 216(b).

21. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because they arise out of the same facts as their FLSA claims.

22. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

**Factual Allegations**

23. Defendant holds an accreditation from the Utilization Review Accreditation Commission ("URAC") in Health Utilization Management.[7]

24. Defendant has established its policies and procedures related to utilization review process to comply with URAC's accreditation standards.

25. Defendant maintains URAC accreditation because some states require URAC accreditation in order to provide utilization management services in those states.

26. As established by URAC's accreditation standards, the standard prerequisite for Initial Review Work is LPN/LVN-level credentials.

---

[7] http://bit.ly/Orthonet-URAC (last visited July 1, 2019).

27. Defendant did not require a bachelor's degree in any specific field—or a bachelor's degree at all—in order for an individual to qualify for employment as an Initial Review Employee.

28. Plaintiffs worked as Initial Review Employees for Defendant.

29. During their employment with Defendant, Plaintiffs primarily performed Initial Review Work.

30. During their employment, Plaintiffs' job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

31. During their employment, Plaintiffs' job duties did not include engaging in bedside nursing or providing medical advice to patients or other individuals with health issues.

32. During their employment, Plaintiffs' job duties did not involve providing traditional nursing care to patients or other individuals in a clinical setting or providing direct medical care to patients or other individuals with health issues.

33. During their employment, Plaintiffs' job duties did not involve making medical decisions in order to select the appropriate medical care for patients or other individuals to treat their medical issues or ailments.

34. During their employment, Plaintiffs' job duties did not include administering patients' medicine or treatments, operating or monitoring medical equipment, helping perform diagnostic tests or analyzing the results from diagnostic tests, diagnosing human responses to actual or potential health problems, monitoring and reporting whether patients were receiving medical services, interviewing patients to consider or advise them regarding alternative treatments, providing medical opinions on treatment and medication, assessing whether requested treatments were related to the original compensable injury, or determining whether an issue should be referred for an independent medical evaluation.

35. Defendant required Plaintiff Lyons to work over 40 hours in one or more individual workweeks during the last three (3) years.

36. During her employment with Defendant, Plaintiff Lyons worked over 40 hours in one or more individual workweeks during the last three (3) years.

37. During her employment with Defendant, Plaintiff Lyons generally worked 9 to 10 hours a day and 5 days a week.

38. As a result, Plaintiff Lyons worked approximately 45 to 50 hours per workweek.

39. Defendant required Plaintiff Solis to work over 40 hours in one or more individual workweeks during the last six (6) years.

40. During her employment with Defendant, Plaintiff Solis worked over 40 hours in one or more individual workweeks during the last six (6) years

41. During her employment with Defendant, Plaintiff Solis generally worked 10 to 11 hours per day and 5 days a week.

42. As a result, Plaintiff Solis generally worked 50 to 55 hours per workweek.

43. Defendant classified Plaintiff Lyons as exempt from the overtime provisions of the FLSA.

44. Defendant classified Plaintiff Solis as exempt from the overtime provisions of the NYLL.

45. Defendant paid Plaintiff Lyons a salary.

46. Defendant paid Plaintiff Solis a salary.

47. When Plaintiff Lyons worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff Lyons overtime at one-and-one-half times her regular rate of pay for all overtime hours worked.

48. When Plaintiff Solis worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff Solis overtime at one-and-one-half times her regular rate of pay for all overtime hours worked.

49. When Plaintiff Solis was hired, Defendant failed to provide Plaintiff Solis with an accurate hiring notice.

50. During her employment, Defendant never issued Plaintiff Solis an accurate wage statement.

51. Specifically, during her employment, Defendants did not list the number of hours Plaintiff Solis worked on her paystubs.

52. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

53. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

54. Defendant has made more than $500,000 in sales made or business done in each of the last three calendar years.

55. During her employment, Plaintiff Lyons was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

56. During her employment, Plaintiff Solis was an "employee" of Defendant as defined by the NYLL §§ 190(2), 651(5) and 12 N.Y.C.R.R. 142-2.14(a).

57. During her employment, Defendant was Plaintiff Lyons' "employer" as defined under the FLSA in § 203(d).

58. During her employment, Defendant was Plaintiff Solis' "employer" as defined by NYLL §§ 190(3), 651(6).

**Collective Action Allegations**

59. Plaintiff Lyons brings her FLSA claims as a collective action.

60. Plaintiff Lyons has previously filed her consent form to participate in this collective action.

61. The collective action is defined as follows:

All individuals employed by Defendant as Initial Review Employees in the last three years who were paid a salary, who worked more than 40 hours in one or more individual work weeks, and who were classified as exempt ("Collective Action Members").

62. Plaintiff Lyons is similarly situated to the potential Collective Action Members because they were paid in the same manner and performed the same primary job duties.

63. In the last three years, Defendant employed individuals who performed the same primary duties as Plaintiff Lyons.

64. Of Defendant's employees who performed the same primary job duties as Plaintiff Lyons in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

65. Of employees classified as exempt and who performed the same job primary duties as Plaintiff Lyons in the last three years, some or all worked over 40 hours in individual workweeks.

66. Defendant maintained one or more common job descriptions for Initial Review Employees.

67. Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

68. Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

69. Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

70. Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime wages if they primarily performed non-exempt work.

**Class Action Allegations**

71. Plaintiff Solis seeks class certification under Fed. R. 23 of the following state law sub-class:

> All individuals employed by Defendant in New York as Initial Review Employees in the last six (6) years who were paid a salary, who worked more than 40 hours in one or more workweeks, and who were classified as exempt (the "NYLL Class").

72. The NYLL Class has more than 40 members.

73. As a result, the NYLL Class is so numerous that joinder of all members is not practical.

74. There are questions of law or fact common to the NYLL Class, including (1) whether the NYLL Class primarily performed non-exempt work; (2) whether Defendant violated the NYLL by refusing to pay the NYLL Class overtime pay; and (3) the proper measure of damages if Defendant misclassified the NYLL Class as exempt from the overtime provisions of the NYLL.

75. Plaintiff Solis' overtime claims are typical of those of the NYLL Class because they arise out of Defendant's uniform compensation practices.

76. Defendant's defenses to Plaintiff Solis' NYLL claims are typical of its defenses to those of the NYLL Class because they are grounded in the same compensation practices.

77. Plaintiff Solis can fairly and adequately protect the interests of the NYLL Class because she is asserting the same claims as the NYLL Class.

78. Plaintiff Solis can fairly and adequately protect the interests of the New York Class because she has no interests adverse to the NYLL Class.

79. Plaintiff Solis can fairly and adequately protect the interests of the NYLL Class because she has retained counsel experienced in class action employment litigation.

80. The common questions of law and fact predominate over the variations which may exist between members of the NYLL Class, if any.

81. Plaintiff Solis and the members of the NYLL Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

82. If individual actions were required to be brought by each member of the NYLL Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to the Defendant.

83. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the NYLL Class is entitled.

84. The books and records of Defendant are material to the NYLL Class's claims because they disclose the hours worked by each member of the NYLL Class and the rate of pay for that work.

### COUNT I
### Violation of the Fair Labor Standards Act
### (Collective Action)

85. Plaintiff Lyons incorporates here the previous allegations of this Complaint.

86. This count arises from Defendant's violations of the FLSA by failing to pay overtime wages to Plaintiff Lyons and the Collective Action Members when they worked over 40 hours in individual workweeks.

87. Plaintiff Lyons was not exempt from the overtime provisions of the FLSA.

88. Other Collective Action Members were not exempt from the overtime provisions of the FLSA.

89. Plaintiff Lyons was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks in the last three (3) years.

90. Other Collective Action Members were directed to work, and did work, over 40 hours in one or more individual workweeks in the last three (3) years.

91. Defendant paid Plaintiff Lyons a salary and did not pay overtime compensation for all hours worked over 40 in an individual workweek.

92. Defendant paid other Collective Action Members a salary and did not pay overtime compensation for all hours worked over 40 in an individual workweek.

93. Defendant violated the FLSA by failing to pay overtime to Plaintiff Lyons at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

94. Defendant violated the FLSA by failing to pay overtime to other Collective Action Members at one and one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

95. Defendant's failure to pay Plaintiff Lyons and other similarly situated persons one-and-one-half times their regular rates for all time worked over 40 hours in a workweek was willful.

WHEREFORE, Plaintiff Lyons, on behalf of herself and the Collective Action Members, seeks a judgment against Defendant as follows:

A. All unpaid overtime wages due to Plaintiff Lyons and the Collective Action Members;

B. Pre-judgment and post-judgment interest;

  C. Liquidated damages equal to the unpaid overtime compensation due;

  D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

  E. Such other relief as the Court deems appropriate.

## COUNT II
### NYLL – Failure to Pay Overtime
### (Class Action)

96. Plaintiff Solis incorporates here the previous allegations of this Complaint.

97. This count arises from Defendant's violations of the NYLL by failing to pay overtime to Plaintiff Solis and the NYLL Class when they worked over 40 hours in individual workweeks.

98. Defendant classified Plaintiff Solis as exempt from the overtime provisions of the NYLL.

99. Defendant classified members of the NYLL Class as exempt from the overtime provisions of the NYLL.

100. Plaintiff Solis was not exempt from the overtime provisions of the NYLL.

101. Members of the NYLL Class were not exempt from the overtime provisions of the NYLL.

102. Plaintiff Solis was regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

103. Members of the NYLL Class were regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

104. Defendant violated the NYLL by failing to pay Plaintiff Solis and members of the NYLL Class overtime at one and one-half times their regular rates of pay for all time they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff Solis, on behalf of herself and the NYLL Class, seeks a judgment against Defendant as follows:

A. All unpaid overtime wages due to Plaintiff Solis and the NYLL Class;

B. Pre-judgment and post-judgment interest;

C. Liquidated damages equal to the unpaid overtime compensation due;

D. Appropriate equitable, declaratory, and injunctive relief to remedy violations, including but not necessarily limited to, an order enjoining Defendant from continuing its unlawful practices;

E. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

F. Such other relief as the Court deems appropriate.

### COUNT III
### NYLL – Failure to Provide Wage Statements
### (Class Action)

105. Plaintiff Solis incorporates here the previous allegations of this Complaint.

106. Defendant failed to supply Plaintiff Solis and members of the NYLL Class with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

107. Due to Defendant's violations of NYLL § 195, for each workweek that Defendant failed to provide a proper wage statement from May 21, 2013 through February 26, 2015, Plaintiff Solis and members of the NYLL Class are each entitled to damages of $100 per workweek, or a

total of $2,500 per class member, as provided for by NYLL § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

108.   Due to Defendant's violations of NYLL § 195, for each workweek that Defendant failed to provide a proper wage statement from February 27, 2015 through the present, Plaintiff Solis and members of the NYLL Class are each entitled to damages of $250 per work day, or a total of $5,000 per class member, as provided for by NYLL § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**WHEREFORE**, Plaintiff Solis, on behalf of herself and the NYLL Class, seeks the following relief:

A.   Statutory damages, as provided for by NYLL § 198, for Defendant's failure to provide accurate wage statements;

B.   Appropriate equitable, declaratory, and injunctive relief to remedy violations, including but not necessarily limited to, an order enjoining Defendant from continuing its unlawful practices;

C.   Pre-judgment and post-judgment interest;

D.   Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E.   Such other relief the Court deems appropriate.

## COUNT IV
## NYLL – Failure to Provide Accurate Hiring Notices
## (Class Action)

109.   Plaintiff Solis incorporates here the previous allegations of this Complaint.

110.   Defendant failed to supply Plaintiff Solis and members of the NYLL Class notice as required by NYLL § 195, in English or in the language identified by Plaintiff Solis and members of the NYLL Class as their primary language, containing their rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

111. Defendant failed to supply Plaintiff Solis and members of the NYLL Class with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

112. Due to Defendant's violations of NYLL § 195, Plaintiff Solis and members of the NYLL Class are each entitled to damages of $50.00 for each work day that Defendant failed to provide a hiring notice, or a total of $5,000.00 per class member, as provided for by NYLL § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**WHEREFORE**, Plaintiff Solis, on behalf of herself and the NYLL Class, seeks the following relief:

A. Statutory damages, as provided for by NYLL § 198, for Defendant's failure to provide accurate hiring notices;

B. Pre-judgment and post-judgment interest;

C. Appropriate equitable, declaratory, and injunctive relief to remedy violations, including but not necessarily limited to, an order enjoining Defendant from continuing its unlawful practices;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E. Such other relief the Court deems appropriate.

**Jury Demand**

Plaintiffs demand a trial by jury.

Respectfully submitted,

*/s/ Maureen A. Salas*

DOUGLAS M. WERMAN
MAUREEN A. SALAS
WERMAN SALAS P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com

TRAVIS M. HEDGPETH
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
travis@hedgpethlaw.com

JACK SIEGEL
SIEGEL LAW GROUP PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
Telephone: (214) 790-4454
jack@siegellawgroup.biz

Ravi Sattiraju (N.Y. Bar No. 4053344)
THE SATTIRAJU LAW FIRM, P.C.
116 Village Blvd., Suite 200
Princeton, NJ 08540
Telephone: (609) 799-1266
Email: rsattiraju@sattirajulawfirm.com

**Attorneys for Plaintiffs and Others Similarly Situated**