IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOANNA SOLIS, MAURA LYONS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>   *Plaintiffs*,<br><br>v.<br><br>ORTHONET LLC,<br><br>   *Defendant.* | Civil Action No. 1:19-CV-4678 VSB-BCM |

**STIPULATION AND AGREEMENT ON TOLLING OF FLSA CLAIMS**

    This Agreement ("Agreement") is made by and between Orthonet LLC, its officers, agents, parent corporations, subsidiaries, joint employers and/or representatives (collectively "Defendant") and Joanna Solis and Maura Lyons ("Plaintiffs"). Plaintiffs and Defendant are collectively referred to herein as the Parties.

    WHEREAS, Plaintiff Lyons filed this Action under the Fair Labor Standards Act ("FLSA") on behalf of herself and all other persons set forth in the definition of the putative collective at paragraphs 5 and 61 of the Amended Complaint (ECF No. 22);

    WHEREAS, Defendant denies it has engaged in any unlawful conduct as alleged by Plaintiffs; and

    WHEREAS, counsel for Plaintiffs and Defendant have agreed to pursue a private mediation in an effort to resolve the claims in the Action without the cost and distraction of further litigation.

    NOW THEREFORE, for good and sufficient consideration, the receipt of which is hereby acknowledged, Plaintiffs and Defendant hereby agree as follows:

    **1.**     **Tolling Period**. No statute of limitations on the Fair Labor Standards Act ("FLSA") claim asserted by Plaintiffs in the Amended Complaint shall run against Plaintiffs or other individuals within the definition of the putative collective at paragraphs 5 and 61 of the Amended Complaint (the "Putative Collective"), and the same shall be tolled, from August 28, 2019 through November 11, 2019 (the "Tolling Period"). Neither party shall put forward or rely upon the period of time while this Agreement is in effect as a bar or laches or for any other purpose to defeat the claims made or to be made in the Action. Nothing in this Agreement shall be construed to revive the FLSA claim of any member of the Putative Collective for whom the limitations period had already expired as of the start of the Tolling Period or that may expire after the Tolling Period (excluding the Tolling Period itself).

**2.     Motion for Conditional Certification.** During the Tolling Period, Plaintiffs shall not file a motion for conditional certification pursuant to 29 U.S.C. § 216(b) or other request to issue notice to the Putative Collective.

**3.     Solicitation.** During the Tolling Period, neither Plaintiffs nor anyone acting on behalf of Plaintiffs (including but not limited to Plaintiffs' counsel) shall, directly or indirectly, engage in efforts to identify or communicate with members of the Putative Collective for the purpose of encouraging such individuals to file opt-in consents in the Action. The foregoing shall not prohibit Plaintiffs' counsel from receiving or responding to communications from members of the Putative Collective prior to or during the Tolling Period.

**4.     Modification**. This Agreement can be modified only in a writing signed by the Parties. This Agreement shall constitute the entire understanding between the parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject.

**5.     Good Faith Negotiations**. While this Agreement is in effect, the Parties agree to discuss resolution of the subject claims in good faith, including without limitation at a mediation scheduled for November 11, 2019.

**6.     Successors**. This Agreement shall bind and benefit each of the Parties and their respective predecessors, successors, and assigns.

**7.     Governing Law**. This Agreement shall be governed by and construed and enforced in accordance with the FLSA and the laws of the State of New York.

**8.     Authority to Bind**. Each Counsel executing this Agreement represents and warrants that he or she has been authorized to enter into this Agreement on behalf of the party on whose behalf it is signed and that signatory has full and complete authority to do so.

58854294v.7

**9.** **No Admission**.  Nothing in this Agreement shall be deemed as an admission or waiver by any party with respect to any allegations, claims or defenses except as specifically set forth herein.  This Agreement shall not be offered in evidence in any action or proceeding, except to prove or disprove the tolling of a statute of limitations during the Tolling Period.

ACCEPTED AND AGREED:

Dated: September 16, 2019

<u>/s/ Maureeen A. Salas</u>

DOUGLAS M. WERMAN
MAUREEN A. SALAS
**WERMAN SALAS P.C.**
77 West Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com

TRAVIS M. HEDGPETH
**THE HEDGPETH LAW FIRM, PC**
3050 Post Oak Blvd., Suite 510
Houston, TX 77056
P: (281) 572-0727
travis@hedgpethlaw.com

JACK SIEGEL
Texas Bar No. 24070621
**SIEGEL LAW GROUP, PLLC**
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
jack@siegellawgroup.biz

Ravi Sattiraju
**THE SATTIRAJU LAW FIRM P.C.**
116 Village Blvd., Suite 200
Princeton, NJ 08540
P: (609) 799-1266
rsattiraju@sattirajulawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

<u>/s/ Robert S. Whitman (with consent)</u>

ROBERT S. WHITMAN
**SEYFARTH SHAW LLP**
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
rwhitman@seyfarth.com

**ATTORNEYS FOR DEFENDANT**

58854294v.7