```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
JOANNA SOLIS and MAURA LYONS,                         :
Individually and on Behalf of Others Similarly        :
Situated,                                             :
                                                      :
                              Plaintiffs,             :
                                                      :
            - against -                               :
                                                      :
                                                      :
ORTHONET LLC,                                         :
                                                      :
                              Defendant.              :
                                                      :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/11/2021

19-CV-4678 (VSB)

**OPINION & ORDER**

Appearances:

Douglas Michael Werman
Maureen Ann Salas
Werman Salas PC
Chicago, IL
*Counsel for Plaintiffs*

Jack Siegel
Siegel Law Group PLLC
Dallas, TX
*Counsel for Plaintiffs*

Travis Hedgpeth
The Hedgpeth Law Firm, PC
Houston, TX
*Counsel for Plaintiffs*

Ravi Sattiraju
Sattiraju & Tharney, L.L.P.
East Windsor, NJ
*Counsel for Plaintiffs*

Robert S. Whitman
Seyfarth Shaw LLP (NYC)
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Plaintiffs Joanna Solis and Maura Lyons ("Named Plaintiffs"), bring this instant action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*, against Defendant OrthoNet LLC ("Defendant" or "OrthoNet"). Before me is Plaintiffs' unopposed motion seeking an order: 1) granting preliminary approval of the proposed Settlement Agreement (the "Settlement Agreement"); 2) conditionally certifying the proposed classes; 3) appointing Douglas M. Werman and Maureen A. Salas of Werman Salas P.C., Jack Siegel of Siegel Law Group PLLC, and Travis Hedgpeth of the Hedgpeth Law Firm, PC ("Plaintiffs' Counsel") as class counsel; 4) approving the proposed Notice of Class and Collective Action Settlement ("Class Notice"); 5) appointing A.B Data, Ltd. as the settlement claims administrator; and 6) scheduling a Final Approval Hearing. For the reasons set forth below, Plaintiff's unopposed motion is GRANTED.

## I. Factual Background

OrthoNet LLC, a subsidiary of UnitedHealthcare Group Incorporated, provides a limited set of services to health plan customers ("OrthoNet"). (Am. Compl. ¶¶ 1, 3–4.)[1] The Named Plaintiffs are former employees of OrthoNet. (*Id.* ¶¶ 15–16.) Joanna Solis ("Solis") was employed as an Initial Review Employee from January 2015 to March 2016. (*Id.* ¶ 15.) Maura Lyons ("Lyons") worked as Initial Review Employee from January 2010 to February 2018. (*Id.* ¶ 16.) The Named Plaintiffs allege that Defendants incorrectly classified them as exempt salaried employees under FLSA and NYLL for the purposes of overtime wages, denying Plaintiffs overtime wages. (Pls.' Mem. 2.)[2]

---

[1] "Am. Compl." refers to Named Plaintiffs' Amended Complaint filed on July 12, 2019. (Doc. 22.)

[2] "Pls.' Mem." refers to the Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class & Collective Action Settlement, filed on May 11, 2020. (Doc. 49.)

2

## II. Procedural History

Plaintiff Joanna Solis filed her complaint alleging FLSA and NYLL violations against Defendant on May 21, 2019 ("Complaint"). (Doc. 1.) On July 19, 2019, Plaintiffs Solis and Lyons filed an amended complaint ("Amended Complaint"). (Doc. 22.) Defendants filed an answer to the Amended Complaint on August 2, 2019. (Doc. 26.) On August 8, 2019, the parties notified the Court that they agreed to conduct private mediation. (Doc. 27.) The parties attended a mediation session on January 13, 2020 and reached a settlement. (Pls.' Mem. 3.) Plaintiffs filed the unopposed motion currently before me on May 11, 2020. (Doc. 48.)

## III. Legal Standard

Under the FLSA, employees may pursue collective actions to recover unpaid wages where the employees are "similarly situated" and give consent to become a party in a writing filed with the court. *See* 29 U.S.C. § 216(b). A district court may implement § 216(b) by "facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (internal quotation marks omitted). The court may also direct a defendant employer to disclose the names and addresses of potential class members. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–70 (1989).

In the Second Circuit there is a two-step certification process for FLSA opt-in collective actions. *Myers*, 624 F.3d at 554–55. At the first stage, the district court must make "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id.* at 555. In order to achieve conditional certification, plaintiffs must make only a "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the

3

law.'" *Id.* (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). "The key element of that showing is a shared unlawful policy; that is, while the proposed collective need not be identical in every possible respect, its potential members must be similarly situated with respect to the allegedly unlawful policy or practice." *Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 479 (S.D.N.Y. 2016) (internal quotation marks omitted). "Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Hallissey v. Am. Online, Inc.*, No. 99-CIV-3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008). Although "unsupported assertions" are not sufficient to certify a collective action, the Second Circuit has emphasized that the standard of proof at this initial stage should remain "low" because "the purpose of this . . . stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555. The court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations" at this stage. *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14-cv-2625 (RJS), 2015 WL 4240985, at *3 (S.D.N.Y. July 13, 2015) (quoting *Lynch v. United Serv's. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)). The court must, however, "evaluate the sufficiency of plaintiffs' pleadings." *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 556 (S.D.N.Y. 2013). As Judge Paul A. Engelmayer observed in *Trinidad*, "[t]he court's discretionary power to facilitate the sending of notice to potential class members is premised on its use as a tool for efficient case management, and it does not promote efficient case management to facilitate notice to potential class members where the representative plaintiffs have failed to state plausible FLSA violations . . . . [I]t makes little sense to certify a collective action based on manifestly deficient pleadings." *Id.* (internal citations omitted); *see also Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 105

4

(S.D.N.Y. 2003) ("Once the Plaintiff makes a colorable claim for relief, the only inquiry necessary is whether the potential plaintiffs to be notified are similarly situated to the named plaintiff."). If the court finds that the plaintiffs have satisfied their burden, it may exercise its discretionary power to conditionally certify the collective action and facilitate notice to the potential class members. *See Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 475 (S.D.N.Y. 2010).

After completing discovery, a defendant may move to challenge certification, initiating the second stage of conditional certification. *See Viriri v. White Plains Hosp. Med. Ctr.*, 320 F.R.D. 344, 348 (S.D.N.Y. 2017). At this stage, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs," and "[t]he action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555; *see also Viriri*, 320 F.R.D. at 348 ("After discovery is completed, if it appears that some or all members of a conditionally certified class are not similarly situated, a defendant may move to challenge certification, at which point a court will conduct a more searching factual inquiry as to whether the class members are truly similarly situated." (internal quotation marks omitted)).

IV. **Discussion**

   A. *Preliminary Approval of the Settlement Agreement*

For the reasons set forth below, I conditionally approve the Settlement Agreement. District courts have discretion to approve proposed class action settlements. *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995). The parties and their counsel are in a unique position to assess the potential risks of litigation, and thus district courts

5

often give weight to the fact that the parties have chosen to settle. *See Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693(PGG), 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013).

To grant preliminary approval, a court need only find "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n—E. R.R.s*, 627 F.2d 631, 634 (2d Cir. 1980) (internal quotation marks omitted). Preliminary approval is typically granted "where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." *Silver v. Great Jones Restaurant*, No. 11 CV 7442(KMW)(DCF), 2013 WL 208918, at *1 (S.D.N.Y. Jan. 4, 2013) (quoting *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005)).

I have reviewed the proposed Settlement Agreement, and I find that it is the result of arm's length negotiation between the parties who were aided in reaching agreement by a neutral mediator. Before the parties attended private mediation, they conducted an intensive investigation into Plaintiffs' claims, Defendants produced 3,000 pages of documents, and the parties exchanged mediation statements. (Werman Decl. ¶¶ 6 –7.)[3] The terms are within the range of possible settlement approval. The proposed Settlement Agreement does not contain a general release provision but contains a number of targeted release provisions. Specially, the Settlement Agreement contains the following releases:

- "FLSA Settlement Class Members who negotiate their Settlement Checks shall thereby release the Released Parties from the Released FLSA Claims. FLSA Settlement Class Members who do not negotiate their Settlement Check shall not release any claims arising under the FLSA." Ex. 1 at 17.

---

[3] "Werman Decl." refers to Plaintiffs' counsel Douglas M. Werman's May 11, 2020 declaration in support of Plaintiffs' motion for preliminary settlement approval. (Doc. 49-3.)

6

- "By negotiating the Settlement Check with respect to FLSA claims, the FLSA Settlement Class Members shall be deemed to (i) affirm their intention to release not only those Released FLSA Claims against the Released Parties which they know about, but also those claims they do not know about; and (ii) acknowledge that they shall no longer have the right to assert any claim or lawsuit of any kind attempting to recover money or any other relief arising from the Released FLSA Claims against the Released Parties; and (iii) agree never to sue any of the Released Parties in any forum for claims, laws, or theories covered by the release set forth in Section IV.1.b. and that any such claim, if filed, shall be immediately dismissed with prejudice upon request by the Released Party(ies)." Ex. 1 at 18

- "NY Settlement Class Members who do not timely exclude themselves pursuant to Section II.9.b. of the Settlement Agreement shall release the Released Parties from the Released State Law Claims." *Id*.

- "NY Settlement Class Members who do not timely exclude themselves pursuant to Section II.9.b. of this Settlement Agreement shall be deemed to (i) affirm their intention to release not only those Released State Law Claims against the Released Parties which they know about, but also those claims they do not know about; (ii) acknowledge that they shall no longer have the right to assert any claim or lawsuit of any kind attempting to recover money or any other relief arising from the Released State Law Claims against the Released Parties; and (iii) agree never to sue any of the Released Parties in any forum for claims, laws, or theories covered by the release set forth in Section IV.3.a. and that any such claim, if filed, shall be immediately dismissed with prejudice upon request by the Released Party(ies)." *Id*.

Generally, "courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, No. 16-CV-1795 (PAE), 2016 WL 7177510, at *1 (S.D.N.Y. Dec. 8, 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). "Legitimate releases in collective action settlements may include claims not presented, but only if the released conduct arises from the same factual predicate as the settled conduct." *Gaspar v. Pers. Touch Moving*, Inc., No. 13-CV-8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015).

Here, Plaintiffs' release is limited to FLSA claims "that were or could have been alleged in the First Amended Complaint for the period between August 28, 2016 and May 29, 2019 including without limitation claims for overtime wages, liquidated damages, penalties, attorneys' fees and costs, expenses and interest," and "all New York Labor Law state law claims that were or could have been alleged in the First Amended Complaint for the period between May 21, 2013 and May 27, 2019, including without limitation claims for overtime wages, failure to provide wage notice and statements, liquidated damages, penalties, attorneys' fees and costs, expenses and interest." (Pls.' Mot. 4– 5.) In this instance, the releases are fair and reasonable because "the released claims are related to wage-and-hour or other employee-benefits issues." *Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *2 (S.D.N.Y. May 24, 2018). As such, I preliminarily approve the proposed Settlement Agreement.

### B. *Conditional Certification of the Proposed Class*

Plaintiffs request certification of two settlement classes: (1) a FLSA collective settlement class (the "FLSA Collective Class") comprised of 327 employees who worked as salaried OrthoCare Managers between August 28, 2016, and May 21, 2019, or who filed a consent form before January 13, 2020 for any claims under FLSA, and (2) a Rule 23 settlement class (the "NYLL Class") comprised of 114 employees who worked as salaried OrthoCare Managers between May 21, 2013, and May 21, 2019, in the State of New York for any claims under the New York Labor Law. (*See* Pls.' Mem. 3.) I conditionally certify the two proposed classes for the reasons stated below.

#### 1. Proposed NYLL Class

I provisionally certify the proposed NYLL Class. Under Rule 23, the proposed class must be "(1) be sufficiently numerous, (2) involve questions of law or fact common to the class,

(3) involve class plaintiffs whose claims are typical of those of the class, and (4) involve a class representative or representatives who adequately represent the interests of the class." *Myers*, 624 F.3d at 547; *see* Fed. R. Civ. P. 23(a). Furthermore, the proposed class must satisfy one of the elements of Rule 23(b). *See* Fed. R. Civ. P. 23(b).

In light of the fact that the NYLL Class has 114 members, (Pls.' Mem. 3), Plaintiffs satisfy the numerosity requirement. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (concluding "numerosity is presumed at a level of 40 members"); *Alvarez v. Schnipper Restaurants LLC*, No. 16 CIV. 5779 (ER), 2019 WL 5682633, at *5 (S.D.N.Y. Nov. 1, 2019). The Rule 23 Class also satisfies the commonality requirement. The class members share common questions of fact or law, such as: 1) whether Defendant failed to pay overtime wages; 2) whether Defendant had a policy of misclassifying employee to avoid paying them overtime wages pursuant to the NYLL; and 3) whether Defendant provided deficient wage statements and wage and hour notices. *See Orellana v. One If By Land Rest. LLC*, No. 18-CV-7865 (VSB), 2020 WL 5768433, at *6 (S.D.N.Y. Sept. 27, 2020) (commonality satisfied where plaintiffs alleged defendants failed to pay overtime wages); *Huerta v. W. 62 Operating LLC*, No. 16 CIV. 3876 (JPO), 2018 WL 10601810, at *3 (S.D.N.Y. Jan. 11, 2018) (commonality satisfied where plaintiffs raised issues as to whether defendants provided legally sufficient wage statement and wage and hour notices). Plaintiffs' proposed class also satisfies the typicality requirement. Named Plaintiffs and the class members are all former employees of OrthoNet who worked as salaried OrthoCare Managers. The claims asserted by the Named Plaintiffs and the class members arise from Defendant's alleged practice of classifying employees as salaried workers for the purpose of denying Plaintiffs overtime pay. Where, as here, "Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the Class Members' claims," the

9

typicality requirement is met. *deMunecas v. Bold Food, LLC*, No. 09 CIV. 00440 DAB, 2010 WL 3322580, at *2 (S.D.N.Y. Aug. 23, 2010). The proposed NYLL Class also satisfies Rule 23(a)(4)'s adequacy requirement. In this case, Plaintiffs' interests are in line with the class, as they share common claims. *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 158 (S.D.N.Y. 2008) (concluding "the fact that plaintiffs' claims are typical of the class is strong evidence that their interests are not antagonistic to those of the class; the same strategies that will vindicate plaintiffs' claims will vindicate those of the class"). Further, as discussed in more detail below, Plaintiffs are represented by adequate counsel in that counsel has extensive experience litigating and settling class action claims. (Werman Decl. ¶¶ 23–24.)

Lastly, the proposed NYLL Class satisfies Rule 23(b)(3), as "questions of law or fact common to class members predominate over any questions affecting only individual members," and class action adjudication "is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Therefore, in this instance, "[c]lass adjudication . . . is superior to individual adjudication because it will conserve judicial resources and is more efficient." *Alvarez v. Schnipper Restaurants LLC*, No. 16 CIV. 5779 (ER), 2019 WL 5682633, at *6 (S.D.N.Y. Nov. 1, 2019) (quoting *Reyes v. Buddha-Bar NYC*, No. 08 CIV. 02494(DF), 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)).

### 2. Proposed FLSA Class

I also provisionally certify for settlement purposes the proposed FLSA Collective Class. The proposed FLSA Collective Class consists of 327 employees who worked as salaried OrthoCare Managers between August 28, 2016, and May 21, 2019, or who filed a consent form before January 13, 2020 for any claims under FLSA. Courts within this district have routinely found that "[t]he standard for approving an FLSA settlement is significantly lower than for a

Rule 23 settlement because FLSA collective actions do not implicate the same due process concerns as a Rule 23 actions." *Davenport v. Elite Model Mgmt. Corp.*, No. 1:13-CV-01061-AJN, 2014 WL 12756756, at *8 (S.D.N.Y. May 12, 2014) (internal quotation marks omitted); *see also Flores v. Anjost Corp.*, No. 11 CIV. 1531 AT, 2014 WL 321831, at *6 (S.D.N.Y. Jan. 29, 2014); *McMahon v. Olivier Cheng Catering & Events*, LLC, No. 08 Civ. 8713(PGG), 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 10, 2013). Because I conclude Named Plaintiffs have satisfied Rule 23's higher standard for class certification, I find that the Named Plaintiffs have also met the standard provisional certification of the proposed FLSA Collective Class.

### C. *Appointment of Class Counsel and Claim Administrators*

After considering the factors set forth in Rule 23(g)(1)(A), I appoint Douglas M. Werman and Maureen A. Salas of Werman Salas P.C., Jack Siegel of Siegel Law Group PLLC, and Travis Hedgpeth of the Hedgpeth Law Firm, PC as class counsel. Rule 23(g)(1)(A) requires that district courts consider the following in appointing class counsel:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Based on the work counsel has undertaken to investigate Plaintiffs' claims, (Werman. Decl. ¶¶ 6–7), their efforts in litigating and settling the case, (*id*. ¶¶ 6–8), and their years of experience litigating similar actions, (*id*. ¶¶ 23–31; Seigel Decl. ¶ 3; Hedgpeth Decl. ¶ 4), I conclude that Werman Salas P.C., Siegel Law Group PLLC, the Hedgpeth Law Firm meet Rule 23(g)'s requirements.

Further, I appoint A.B. Data, Ltd. ("A.B. Data") as Claims Administrator. A.B. Data has experience in administering class action settlements and has been approved by courts in this

Circuit to administer complex class action settlements. *See Kirby v. FIC Restaurants, Inc.*, No. 519CV1306FJSML, 2020 WL 5791582, at *5 (N.D.N.Y. Sept. 28, 2020); *In re London Silver Fixing, Ltd. Antitrust Litig.*, No. 14-MC-02573-VEC, 2020 WL 4500283, at *1 (S.D.N.Y. Aug. 5, 2020); *In re Marsh ERISA Litig.*, 265 F.R.D. 128, 146 (S.D.N.Y. 2010). Therefore, I appoint A.B. Data as Claims Administrator.

**D.** *Approval Proposed Class Notice*

Rule 23(c)(2)(B) requires that:

[T]he court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. . . . The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). Having reviewed the proposed notice, I find that it is the best notice practicable under the circumstances and meets the requirements of due process. The proposed notice also meets all of seven elements enumerated in Rule 23(c)(2)(B).

**V.** **Conclusion**

For the foregoing reasons, Plaintiffs' unopposed motion, (Doc. 48), is GRANTED. I hereby set the following settlement procedure:

(1) Within seven (7) days of the date of this Order, Defendant will provide the Claims Administrator with lists of the NYLL Class members and FLSA Collective Class members and information as provided in the Settlement Agreement.

(2) Within twenty-one (21) days of the date of this Order, the Claims Administrator shall mail the Notices.

12

(3) NYLL Class members will have sixty (60) days from the date the Notice is mailed to opt out of the settlement or object to it.

(4) Plaintiffs will file a motion for final approval of the Settlement Agreement no later than seven (7) days before the fairness hearing.

(5) The Court will hold a telephonic final fairness hearing on August 6, 2021 at 10:00 a.m. The parties shall enter the conference by dialing 1-888-363-4749 and entering access code 2682448.

(6) If the Court grants Plaintiffs' motion for final approval of the Settlement Agreement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be the date thirty (30) days after entry of such Order.

(7) If rehearing, reconsideration or appellate review is sought, the "Effective Date" shall be the day after all appeals are resolved in favor of final approval.

(8) The Claims Administrator will disburse settlement checks to the NYLL Class members and FLSA Collective Class members, Class Counsel's attorneys' fees and expenses to Class Counsel, the Service Awards, and the Settlement Administrator's fee as provided in the Settlement Agreement.

(9) The parties shall abide by all terms of the Settlement Agreement.

SO ORDERED.

Dated: May 11, 2021
      New York, New York

                                        _____
                                          Vernon S. Broderick
                                          United States District Judge