USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: ___6/30/2021___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X
                              :

JOANNA SOLIS and MAURA LYONS,     :
Individually and on Behalf of Others Similarly :
Situated,                             :
                              :
                       Plaintiffs,   :
                              :
          - against -            :
                              :
                              :
ORTHONET LLC,               :
                              :
                     Defendant.   :
                              :
----------------------------------------------------------X

19-CV-4678 (VSB)

**OPINION & ORDER**

Appearances:

Douglas Michael Werman
Maureen Ann Salas
Werman Salas PC
Chicago, IL
*Counsel for Plaintiffs*

Jack Siegel
Siegel Law Group PLLC
Dallas, TX
*Counsel for Plaintiffs*

Travis Hedgpeth
The Hedgpeth Law Firm, PC
Houston, TX
*Counsel for Plaintiffs*

Ravi Sattiraju
Sattiraju & Tharney, L.L.P.
East Windsor, NJ
*Counsel for Plaintiffs*

Robert S. Whitman
Seyfarth Shaw LLP (NYC)
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Plaintiffs Joanna Solis and Maura Lyons ("Named Plaintiffs"), bring this instant action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*, against Defendant OrthoNet LLC ("Defendant" or "OrthoNet"). Before me is Plaintiffs' unopposed motion for attorneys' fees and costs. For the reasons set forth below, Plaintiffs' unopposed motion is GRANTED.

## I.    Factual Background

OrthoNet LLC, a subsidiary of UnitedHealthcare Group Incorporated, provides a limited set of services to health plan customers. (Am. Compl. ¶¶ 1, 3–4.)[1] The Named Plaintiffs are former employees of OrthoNet. (*Id.* ¶¶ 15–16.) Joanna Solis ("Solis") was employed as an Initial Review Employee from January 2015 to March 2016, (*id.* ¶ 15), and Maura Lyons ("Lyons") worked as Initial Review Employee from January 2010 to February 2018, (*id.* ¶ 16). The Named Plaintiffs allege that Defendants incorrectly classified them as exempt employees under FLSA and NYLL for the purposes of overtime wages, denying Plaintiffs overtime wages. (Pls.' Mem. 2.)[2]

## II.    Procedural History

Plaintiff Joanna Solis filed her complaint alleging FLSA and NYLL violations against Defendant on May 21, 2019 ("Complaint"). (Doc. 1.) On July 19, 2019, Plaintiffs Solis and Lyons filed an amended complaint ("Amended Complaint"). (Doc. 22.) Defendants filed an answer to the Amended Complaint on August 2, 2019. (Doc. 26.) On August 8, 2019, the

---

[1] "Am. Compl." refers to Named Plaintiffs' Amended Complaint filed on July 12, 2019. (Doc. 22.)

[2] Pls.' Mem. refers to the Memorandum of Law in Support of Plaintiff's Motion for Preliminary Approval of Class & Collective Action Settlement, filed on May 11, 2020. (Doc. 48.)

parties notified the Court that they agreed to conduct private mediation. (Doc. 27.) The parties attended mediation session on January 13, 2020 and reached a settlement. (Pls.' Mem. 3.)

Plaintiffs filed an unopposed motion for (1) preliminary approval of the Class Action Final Settlement Agreement and Mutual Releases (the "Settlement Agreement"); (2) conditional certification of the proposed classes; (3) appointment of Douglas M. Werman and Maureen A. Salas of Werman Salas P.C., Jack Siegel of Siegel Law Group PLLC, and Travis Hedgpeth of the Hedgpeth Law Firm, PC ("Plaintiffs' Counsel") as class counsel; (4) approval of the proposed Notice of Class and Collective Action Settlement ("Class Notice"); and (5) appointment of A.B Data, Ltd. as the settlement claims administrator on May 11, 2020,(Doc. 48), and a joint letter requesting a conference on March 9, 2021. (Doc. 53.) I granted Plaintiffs' motion on May 11, 2021. (Doc. 54.) Plaintiffs filed the instant unopposed motion for attorneys' fees on December 16, 2020. (Doc. 51.)

## III. Legal Standard

Where a settlement agreement includes a provision for attorneys' fees, courts must "separately assess the reasonableness of plaintiffs' attorney's fees." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). It is within a court's discretion whether to award attorneys' fees based on either the lodestar method or the percentage of the settlement fund. *See Vasquez v. TGD Grp., Inc.*, No. 14-CV-7862 (RA), 2016 WL 3181150, at *4 (S.D.N.Y. June 3, 2016). "'[T]he trend in this Circuit is toward the percentage method,' although it is for [the] district court to determine 'the appropriate method' in a particular case." *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *2 (S.D.N.Y. Mar. 24, 2016) (quoting *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 417, 419 (2d Cir. 2010)). Courts regularly approve attorneys' fees of up to one-third of the settlement amount in

FLSA cases. *See, e.g.*, *Gaspar v. Personal Touch Moving, Inc.*, No. 13-cv-8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015); *see also Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667(PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) ("Except in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount.").

District courts are encouraged to "cross-check" the percentage fee requested against counsel's "lodestar." *Hart v. RCI Hosp. Holdings, Inc.*, No. 09 Civ. 3043(PAE), 2015 WL 5577713, at *13 (S.D.N.Y. Sept. 22, 2015) (citing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)). In applying the lodestar method, courts first calculate the "lodestar" amount by multiplying the reasonable number of hours worked on the case by a reasonable hourly rate of compensation, and then adjust the lodestar based upon case-specific considerations. *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008).

"It bears emphasis that whether calculated pursuant to the lodestar or the percentage method, the fees awarded . . . may not exceed what is 'reasonable' under the circumstances." *Hart*, 2015 WL 5577713, at *13 (quoting *Goldberger*, 209 F.3d at 47). In analyzing the reasonableness of the fee, a court should be guided by the following factors: "(1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations." *Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507(JMF), 2014 WL 1100135, at *2 (S.D.N.Y. Mar. 20, 2014) (citing *Goldberger*, 209 F.3d at 50). Furthermore, because the "adversary system is typically diluted" in attorneys' fees determinations, as defendants have little incentive to challenge the amount of attorneys' fees once a settlement amount is agreed to, the fee must be assessed "based on scrutiny of the unique circumstances of each case, and a jealous

regard to the rights of those who are interested in the [settlement amount]." *Goldberger*, 209

F.3d at 52–53 (internal quotation marks omitted).

## IV. <u>Discussion</u>

### A. *Reasonableness of One-Third of the Settlement Fund*

Plaintiffs' counsel relies on the percentage method and requests $1,000,000.00, or one-third of the gross settlement amount of $3,000,000.00.  (Pls.' Mem. at 1.)[3]

As noted above, there are two methods by which a district court typically calculates reasonable attorneys' fees in a class action:  the lodestar method and percentage method.  The percentage of recovery method is the trend in this circuit.  *McDaniel*, 595 F.3d at 417.  Here, the percentage requested, 33%, is in line with what other judges have awarded in this district, and my previous awards.  "Courts in this Circuit typically approve attorneys' fees that range between 30% and 33%."  *Lora v. Grill on 2nd LLC*, No. 18-CV-4949 (JMF), 2018 WL 5113953, at *1 (S.D.N.Y. Oct. 19, 2018); *see Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (noting that "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases"); *e.g.*, *Clark v. Ecolab Inc.*, No. 04 Civ. 4488(PAC), 2010 WL 1948198, at *7–8 (S.D.N.Y. May 11, 2010) (awarding class counsel 33% of $6 million settlement fund in FLSA and multi-state wage and hour case).  "Nonetheless, the Court still considers all the '*Goldberger* factors' to confirm the reasonableness of this award."  *Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 339 (S.D.N.Y. 2012).

---

[3] "Pls.' Mem" refers to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Request for an Award of Attorneys' Fees and Litigation Expenses filed on December 16, 2020.  (Doc. 52.)

## B. *Reasonableness Under Goldberg Factors*

After due consideration of the *Goldberger* factors, discussed below, I find that Plaintiffs' requested attorneys' fees are reasonable.

### 1. Counsel's Time and Labor

First, I consider the time and labor spend litigating this matter. Plaintiffs' counsel notes that it conducted an extensive investigation unto the merits of Plaintiffs' claims. This consisted of interviews with and document collection from a number of plaintiffs, preparation of motions and accompanying papers, and extensive work preparing for the mediation. (Pls.' Mem. at 5–7; Salas Decl. ¶¶ 13–18, 27;[4] Siegel Decl. ¶ 13;[5] Hedgpeth Decl. ¶ 12.[6]) Counsel indicates that it has devoted 830 hours of professional time for a lodestar amount of $420,000.00. (Pls.' Mem. at 7.) As I conclude after applying the lodestar cross check below, the time and labor expended by counsel is reasonable.

### 2. The Litigation's Magnitude and Complexity

Plaintiffs also satisfy the second *Goldberger* factor. The legal issues involved in this action are complex and difficult to prove. "FLSA claims typically involve complex mixed questions of fact and law. . . . These statutory questions must be resolved in light of volumes of legislative history and over four decades of legal interpretation and administrative rulings." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 743 (1981). Moreover, cases like this one, which involve both an "opt out" class action pursuant to Fed. R. Civ. P. 23 and a FLSA "opt in" collective action, are particularly complex. *McGreevy v. Life Alert Emergency Response, Inc.*, 258 F. Supp. 3d 380, 386 (S.D.N.Y. 2017) ("Among FLSA cases, the most

---

[4] "Salas Decl." refers to the Declaration of Maureen A. Salas filed on December 16, 2020. (Doc. 52-1.)

[5] "Siegal Decl." refers to the Declaration of Jack L. Siegel filed on December 16, 2020. (Doc. 52-2.)

[6] "Hedgpeth Decl." refers to the Declaration of Travis Hedgpeth filed on December 16, 2020. (Doc. 52-3.)

complex type is the 'hybrid' action brought here, where state wage and hour violations are brought as class actions pursuant to Rule 23 in the same case as the FLSA collective action.")

### 3. The Risk of Litigation

Third, continued litigation posed substantial risks to counsel. Counsel undertook the litigation on a contingent-fee basis and faced the possibility of recovering no fees. Due to the contingent nature of the customary fee arrangement, lawyers make a considerable investment of time and resources with the prospect of an unsuccessful outcome and no fee of any kind. "Uncertainty that an ultimate recovery will be obtained is highly relevant in determining the reasonableness of an award." *Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906 (HBP), 2015 WL 4006896, at *11 (S.D.N.Y. July 1, 2015) (internal quotation marks omitted). Further, Plaintiffs "faced the risk that the Court would conclude that one of Defendant's affirmative defenses was meritorious." (Pls.' Mem. at 9.)

### 4. The Quality of Representation

"Quality of representation is best measured by results." *Espinal v. Victor's Café 52nd St., Inc.*, No. 16-CV-8057 (VEC), 2019 WL 5425475, at *3 (S.D.N.Y. Oct. 23, 2019) (internal quotation marks omitted). Plaintiffs received a considerable settlement sum in light of the risks posed by Plaintiffs' claims. Further, Plaintiffs' counsel's firm is experienced in complex employment litigation, including large-scale wage and hour class and collective actions, demonstrates the quality of counsel's representation. (Pls.' Mem. at 10; Salas Decl. ¶¶ 4–11; Siegal Decl. ¶¶ 2–7; Hedgpeth Decl. ¶¶ 3–5; Werman Decl. ¶¶ 21–24.[7]) *See, e.g., Rotthoff v. N.Y. State Catholic Health Plan, Inc.*, No. 19 CV 4027 (AMD) (CLP), 2021 WL 1310220, at *4 (E.D.N.Y. Apr. 8, 2021).

---

[7] "Werman Decl." refers to the Declaration of Douglas M. Werman filed on May 11, 2020. (Doc. 49-3.)

### 5. Relationship of Fees to Settlement

"Courts consider the size of a settlement to ensure that the percentage awarded does not constitute a windfall. '[T]he percentage used in calculating any given fee award must follow a sliding-scale and must bear an inverse relationship to the amount of the settlement.'" *Viafara v. MCIZ Corp.*, No. 12 Civ. 7452 (RLE), 2014 WL 1777438, at *13 (S.D.N.Y. May 1, 2014) (quoting *In re Indep. Energy Holdings PLC Sec. Litig.*, No. 00 Civ. 6689(SAS), 2003 WL 22244676, at *6 (S.D.N.Y. Sept. 28, 2003)). "Where the size of the fund is relatively small, courts typically find that requests for a greater percentage of the fund are reasonable." *Manley v. Midan Rest. Inc.*, No. 14 Civ. 1693 (HBP), 2017 WL 1155916, at *9 (S.D.N.Y. Mar. 27, 2017) (internal quotation marks omitted). Courts in this district have routinely approved requests for one-third of the settlement fund in cases with settlement funds that are the same or larger than this fund. *See, e.g.*, *Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*, No. 06 Civ. 4270 (PAC), 2009 WL 5851465, at *5 (S.D.N.Y. Mar. 31, 2009) (awarding counsel 33% of $3,265,000 settlement fund); *Johnson v. Brennan*, No. 10 Civ. 4712 (CM), 2011 WL 4357376, at *19 (S.D.N.Y. Sept. 16, 2011) (collecting cases with funds in excess $6 million); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013) (awarding counsel 33% of $4,900,000 settlement fund because "the requested amount [was] consistent with the norms of class litigation in this circuit") (internal quotation marks omitted).

### 6. Public Policy Considerations

Lastly, public policy considerations weigh in favor of granting Plaintiff's counsel's requested fee award. The willingness of experienced counsel to take on private lawsuits helps further the goal of the FLSA and NYLL to protect the wages of workers. Adequate compensation for attorneys who protect those rights by taking on such litigation furthers the

remedial purpose of these statutes.

### C. *Lodestar Crosscheck*

As noted above, "[t]he trend in the Second Circuit is to apply the percentage method and loosely use the lodestar method as a baseline or as a cross check." *Sanchez v. Kambousi Rest. Partners, LLC*, No. 15 Civ. 05880 (CM) (HBP), 2016 WL 11717104, at *7 (S.D.N.Y. Sept. 14, 2016) (internal quotation marks omitted.) "To apply the cross check, the lodestar is determined by multiplying the hours reasonably expended on the case by a reasonable hourly rate." *Id*. "In calculating the lodestar for cross check purposes, the hours documented by counsel need not be exhaustively scrutinized by the district court." *Henry v. Little Mint, Inc.*, No. 12 Civ. 3996(CM), 2014 WL 2199427, at *16 (S.D.N.Y. May 23, 2014) (internal quotation marks omitted.); *Asare v. Change Grp. of N.Y., Inc.*, No. 12 CIV. 3371 CM, 2013 WL 6144764, at *18 (S.D.N.Y. Nov. 18, 2013).

In this case, a fee award equal to 33.3% of the settlement fund results in a multiplier of 2.37. "Typically, courts use multipliers of 2 to 6 times the lodestar." *Id.*, 2013 WL 6144764, at *19; *see Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (concluding that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases"). As such, I find a multiplier of 2.37 appropriate in this case; therefore, the fee request is reasonable.

### D. Costs and Expenses

Counsel also requests reimbursement of $9,997.67 in costs and expenses incurred litigating this case. (Pls. Mem. at 15.) This figure includes filing fees, mediation fees, travel fees related to the litigation, and research fees. (Salas Decl. ¶ 40; Siegel Decl. ¶ 17; Hedgpeth Decl. ¶ 17.) "[C]ourts routinely award reasonable out-of-pockets expenses." *Sanchez,* 2016 WL

11717104, at *7.  Expenses such as filing fees, mediation related costs and on-line research constitute "expenses [that] were incurred to benefit the Class Members, and Class Counsel may be reimbursed for them."  *Bryant v. Potbelly Sandwich Works, LLC*, No. 1:17-cv-07638 (CM) (HBP), 2020 WL 563804, at *7 (S.D.N.Y. Feb. 4, 2020).

## V.     **Conclusion**

For the foregoing reasons, Plaintiffs' unopposed motion for attorneys' fees and costs, (Doc. 48), is GRANTED.

SO ORDERED.

Dated: June 30, 2021
     New York, New York

_Vernon Broderick_
          Vernon S. Broderick
          United States District Judge