IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOANNA SOLIS, MAURA LYONS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**ORTHONET LLC,**<br><br>*Defendant.* | **Civil Action No. 1:19-CV-4678 (VSB)** |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT AND APPROVAL OF THE FLSA SETTLEMENT**

On August 6, 2021, the Court held a telephonic final fairness hearing and heard Plaintiffs' unopposed motion for final approval of a class action. The Court has read and considered the Unopposed Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement and Plaintiffs' Motion for Award of Attorney's Fees and Litigation Expenses, and other related material submitted by Plaintiffs, has heard the Parties' presentation at hearing on final approval, and is otherwise fully informed in the premises:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Unless otherwise defined herein, all terms in this Order (the "Final Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, including all Settlement Class Members, preliminarily certified by Order dated May 11, 2011 (ECF No. 54), and defined in the Settlement Agreement as:

**FLSA Collective Settlement Class** – All persons identified in the data produced by Defendant on February 27, 2020 who worked for Defendant as salaried OrthoCare Managers between August 28, 2016, and May 21, 2019, or who filed a consent form to join the Action prior to January 13, 2020.

**NY Settlement Class** - All persons identified in the data produced Defendant on February 27, 2020 who worked for Defendant as salaried OrthoCare Managers between May 21, 2013, and May 21, 2019, in the State of New York, but excludes persons who signed releases releasing their NYLL claims.

3.       Pursuant to Rule 23, the Court confirms as final its certification of the NYLL Class for settlement purposes based on the findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification.

4.       Four NY Settlement Class Members timely requested exclusion from the Settlement: Joanne E. Iorio, Colette Mignogna, June A. Murphy Suib and Ann Havlik. Ms. Iorio, Ms. Mignogna, Ms. Murphy Suib, and Ms. Havlik are excluded from the NY Settlement Class.

5.       Pursuant to 29 U.S.C. § 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA. The Court further finds that with regard to the Fair Labor Standards Act ("FLSA") claims in the case, the proposed settlement is a fair and reasonable resolution of a bona fide dispute. In particular, the Court finds the proposed settlement fair and reasonable in light of the complexity, expense, and likely duration of continued litigation; the stage of the proceedings; the risks of establishing liability and/or damages; the risks of maintaining the Action through the trial; the reasonableness of the settlement fund in light of the best possible recovery; and the reasonableness of the settlement fund in light of all the risks of litigation.

6.       Settlement Checks issued for FLSA Awards to FLSA Settlement Class Members who have not previously filed a consent form to join the Action shall contain a limited endorsement on the back of the check as provided in the Settlement Agreement. A FLSA Settlement Class

Member's endorsement on the Settlement Check will act as a properly filed Consent to join the FLSA claims in this lawsuit and an agreement to be bound by the Settlement.

7.      The Court approves the release of claims set forth in Section IV of the Settlement Agreement. The release of Released State Law Claims shall not apply to the four NY Settlement Class Members who timely requested exclusion from the Settlement.

8.      The Court confirms as final the appointment of Douglas M. Werman and Maureen A. Salas of Werman Salas P.C., Jack Siegel of Siegel Law Group PLLC, and Travis Hedgpeth of the Hedgpeth Law Firm, PC as class counsel for the Class Members pursuant to Federal Rule of Civil Procedure 23.

9.      The Court finds that the Class Notice given to Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

10.     Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval to the Agreement and finally approves the settlement as set forth therein.  The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on members of the NY Settlement Class who did not opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that that the settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.

11.     The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's length negotiations and after experienced counsel had evaluated the merits of Plaintiffs' claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.* 396 F.3d 96, 117 (2d Cir. 2005).

12. The settlement is also substantively fair. The factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). Therefore, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendant to withstand a greater judgment; and (7) that the total settlement amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Grinnell*, 495 F. 2d at 463.

13. The Court finds that Class Members' reaction to the settlement was positive. No Class Member objected to the Settlement.

14. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to NY Settlement Class Members who did not timely opt out and to all FLSA Class Members are fair, reasonable and adequate, and the Settlement Administrator shall issue Settlement Checks to Class Members consistent with allocation described in Section III.4 of the Settlement Agreement.

15. The Parties are directed to perform the obligations set forth in the Settlement Agreement, and the Court expressly adopts and incorporates herein all the terms of the Settlement Agreement (ECF No. 49-1).

16. Class Counsel's request for attorneys' fees in the amount of $1,000,000.00 and for litigation expenses in the amount of $9,997.67 is approved, as Ordered by the Court on June 30, 2021. ECF No. 55.

17. I approve and find reasonable the following Service Awards: $7,500.00 to Class Representative Solis; $7,500.00 to Class Representative Lyons; and $1,000, each, to Opt-In Plaintiffs Michelle McPhillip, Sherilyn Thomas, Sophia Maria Prassas, Sharon Braud-Auguste, Wendy A. Horn, Danielle Khatab Baciare, Ilya Rivkin, Marcia Semple, and Dana Mack. These awards are in addition to the payments each individual will receive as his or her pro rata share of the Net Settlement Amount as FLSA Settlement Class Members and NY Settlement Class Members.

18. The Court approves and find reasonable the payment of the Settlement Administrator's fees in the amount of $16,000 from the Gross Settlement Amount.

19. Pursuant to Section III.1 of the Settlement Agreement, Defendant is hereby ordered to deposit $3,000,000 into the Qualified Settlement Fund established by the Settlement Administrator by no later than 21 days after entry of this order. By no later than 21 days after entry of this order, Defendant shall deposit the employer's share of applicable payroll taxes, as calculated by the Settlement Administrator, into the Qualified Settlement Fund.

20. No later than ten (10) days after the deadline for recipients to cash Settlement Checks, the Settlement Administrator shall provide copies of all endorsed checks Class Counsel and Defendant's Counsel in a filing-ready format.

21. Within ten (10) days of receipt of copies of endorsed settlement checks in filing-ready format, Class Counsel shall file the checks pertaining to FLSA Settlement Awards with the Court.

22. This Action is fully and finally dismissed in its entirety and with prejudice.

23. The Court retains jurisdiction over the Action for the purpose of administering and enforcing the Settlement Agreement and overseeing the distribution of Gross Settlement Amount.

IT IS SO ORDERED.

DATED: _____          _____
                                                                          THE HONORABLE VERNON S. BRODERICK
                                                                          United States District Judge