UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                    :

JOANNA SOLIS and MAURA LYONS,      :         19-CV-4678 (VSB)
Individually and on Behalf of Others Similarly :
Situated,                                         :         **ORDER GRANTING PLAINTIFFS'**
                                                      :         **UNOPPOSED MOTION FOR**
                                  Plaintiffs,     :         **CERTIFICATION OF THE**
                                                      :         **SETTLEMENT CLASS, FINAL**
               - against -                       :         **APPROVAL OF THE CLASS**
                                                      :         **ACTION SETTLEMENT, AND**
                                                      :         **APPROVAL OF THE FLSA**
ORTHONET LLC,                                  :         **SETTLEMENT**
                                                      :
                                 Defendant.   :
                                                      :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       On August 6, 2021, I held a telephonic final fairness hearing and heard Plaintiffs' unopposed motion for final approval of a class action. I have read and considered the Unopposed Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement and Plaintiffs' Motion for Award of Attorney's Fees and Litigation Expenses, and other related material submitted by Plaintiffs, and heard the Parties' presentation during the hearing on final approval. It his hereby,

       ORDERED that:

       1.     Unless otherwise defined herein, all terms in this Order (the "Final Approval Order") will have the same meaning as defined in the Settlement Agreement, (Doc. 49-1).

       2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and it has personal jurisdiction over all Parties to this action, including all Settlement Class Members, preliminarily certified by Order dated May 11, 2011, (Doc. 54), and defined in the Settlement Agreement as:

**FLSA Collective Settlement Class** – All persons identified in the data produced by Defendant on February 27, 2020 who worked for Defendant as salaried OrthoCare Managers between August 28, 2016, and May 21, 2019, or who filed a consent form to join the Action prior to January 13, 2020.

**NY Settlement Class** – All persons identified in the data produced Defendant on February 27, 2020 who worked for Defendant as salaried OrthoCare Managers between May 21, 2013, and May 21, 2019, in the State of New York, but excludes persons who signed releases releasing their NYLL claims.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court confirms as final its certification of the NYLL Class for settlement purposes based on the findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification.

4. Four NY Settlement Class Members timely requested exclusion from the Settlement: Joanne E. Iorio, Colette Mignogna, June A. Murphy Suib and Ann Havlik. Ms. Iorio, Ms. Mignogna, Ms. Murphy Suib, and Ms. Havlik are excluded from the NY Settlement Class.

5. Pursuant to 29 U.S.C. § 216(b), the Court approves the Fair Labor Standards Act ("FLSA") Settlement and certifies the collective class under the FLSA. The Court further finds that with regard to the FLSA claims in the case, the proposed settlement is a fair and reasonable resolution of a bona fide dispute. In particular, the Court finds the proposed settlement fair and reasonable in light of the complexity, expense, and likely duration of continued litigation; the stage of the proceedings; the risks of establishing liability and/or damages; the risks of maintaining the Action through the trial; the reasonableness of the settlement fund in light of the best possible recovery; and the reasonableness of the settlement fund in light of all the risks of litigation.

6. Settlement Checks issued for FLSA Awards to FLSA Settlement Class Members who have not previously filed a consent form to join the Action shall contain a limited

endorsement on the back of the check as provided in the Settlement Agreement. A FLSA Settlement Class Member's endorsement on the Settlement Check will act as a properly filed Consent to join the FLSA claims in this lawsuit and an agreement to be bound by the Settlement Agreement.

7. The Court approves the release of claims set forth in Section IV of the Settlement Agreement. The release of Released State Law Claims shall not apply to the four NY Settlement Class Members who timely requested exclusion from the Settlement.

8. The Court confirms as final the appointment of Douglas M. Werman and Maureen A. Salas of Werman Salas P.C., Jack Siegel of Siegel Law Group PLLC, and Travis Hedgpeth of the Hedgpeth Law Firm, PC as class counsel for the Class Members pursuant to Federal Rule of Civil Procedure 23(g).

9. The Court finds that the Class Notice given to Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

10. Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval to the Agreement and finally approves the settlement as set forth therein. The Court finds that the settlement is fair, reasonable, and adequate in all respects and that it is binding on members of the NY Settlement Class who did not opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that that the settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.

11. The Court finds that the proposed settlement is procedurally fair because it was

reached through vigorous, arm's length negotiations and after experienced counsel had evaluated the merits of Plaintiffs' claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

12. The settlement is also substantively fair. The factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. Therefore, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendant to withstand a greater judgment; and (7) that the total settlement amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

13. The Court finds that Class Members' reaction to the settlement was positive. Although four NY Settlement Class Members timely requested exclusion from the Settlement, no Class Member objected to the Settlement.

14. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to NY Settlement Class Members who did not timely opt out and to all FLSA Class Members are fair, reasonable, and adequate, and the Settlement Administrator shall issue Settlement Checks to Class Members consistent with allocation described in Section III.4 of the Settlement Agreement.

15. The Parties are directed to perform the obligations set forth in the Settlement Agreement, and the Court expressly adopts and incorporates herein all the terms of the Settlement Agreement. (Doc. 49-1).

16. Class Counsel's request for attorneys' fees in the amount of no greater than $1,000,000.00—or up to one-third of the Gross Settlement Amount—is approved as per the Court's June 30, 2021 Opinion & Order regarding attorneys' fees. (Doc. 55 ("Fees Order").) Class Counsel's request for costs, in the amount of 9,997.67, shall be granted in the amount of $4,048.77.[1]

17. I approve and find reasonable the following Service Awards: $7,500.00 to Class Representative Solis; $7,500.00 to Class Representative Lyons; and $1,000 each to Opt-In Plaintiffs Michelle McPhillip, Sherilyn Thomas, Sophia Maria Prassas, Sharon Braud-Auguste, Wendy A. Horn, Danielle Khatab Baciare, Ilya Rivkin, Marcia Semple, and Dana Mack. These awards are in addition to the payments each individual will receive as his or her pro rata share of the Net Settlement Amount as FLSA Settlement Class Members and NY Settlement Class Members.

18. The Court approves and find reasonable the payment of the Settlement Administrator's fees in the amount of $16,000 from the Gross Settlement Amount.

---

[1] Although Class Counsel requests $9,997.67 in costs, Class Counsel is only entitled to reimbursement for reasonable litigation expenses. *See Miltland Raleigh-Durham v. Myers*, 840 F. Supp. 235, 239 (S.D.N.Y. 1993) (quoting *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)). And a Court has discretion to modify, reduce, or deny costs it finds unreasonable or inadequately supported. *See Indep. Project, Inc. v. Ventresca Bros. Constr. Co.*, 397 F. Supp. 3d 482, 500 (S.D.N.Y. 2019) (citations omitted). Here, I find two expenses are unreasonable. The first is $5,200 expended for private mediation, (*see* Doc. 52-1 ¶ 40), which is unreasonable given that the Court provides for free mediation, and given that Class Counsel has not sufficiently explained why the use of a private mediator was in the best interest of Settlement Class Members. The second is $1,133.96 expended on a round-trip ticket on Southwest Airlines by one of the Class Counsel. (*See* Doc. 52-2 ¶ 17 & Ex. B.) This is unreasonable given that another of Class Counsel seeks costs for a similar roundtrip ticket on Southwest Airlines for $385.06. (*See* Doc. 52-3 ¶ 17 & Ex. B.) Accordingly, Class Counsel will not be awarded costs for the private mediation fee and will only receive costs of $385.06 for the Southwest Airlines ticket for which Class Counsel paid $1,133.96.

19. Pursuant to Section III.1 of the Settlement Agreement, Defendant is hereby ordered to deposit $3,000,000 into the Qualified Settlement Fund established by the Settlement Administrator by no later than 21 days after entry of this order.  By no later than 21 days after entry of this order, Defendant shall deposit the employer's share of applicable payroll taxes, as calculated by the Settlement Administrator, into the Qualified Settlement Fund.

20. No later than ten (10) days after the deadline for recipients to cash Settlement Checks, the Settlement Administrator shall provide copies of all endorsed checks Class Counsel and Defendant's Counsel in a filing-ready format.

21. Within ten (10) days of receipt of copies of endorsed settlement checks in filing-ready format, Class Counsel shall file the checks pertaining to FLSA Settlement Awards with the Court.

22. This Action is fully and finally dismissed in its entirety and with prejudice.

23. The Court retains jurisdiction over the Action for the purpose of administering and enforcing the Settlement Agreement and overseeing the distribution of Gross Settlement Amount.

24. The Clerk of Court is respectfully directed to close all open motions on this action's docket.

SO ORDERED.

Dated: March 28, 2022
    New York, New York

*Vernon Broderick* (signature)

Vernon S. Broderick
United States District Judge